IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:18CR00702 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **DEFENDANT'S SENTENCING** |
| | ) | **MEMORANDUM** |
| TERRY D. GUTSHALL, | ) | |
| | ) | |
| Defendant | ) | |

Now comes Defendant, Terry D. Gutshall, by and through his counsel, Michael J. Rendon, and respectfully submits this Sentencing Memorandum. Mr. Gutshall requests this Honorable Court to consider a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

Respectfully submitted

/s/ Michael J. Rendon
Michael J. Rendon (0080565)
Attorney for Defendant
55 Public Sq., Ste. 2100
Cleveland, Ohio 44113
216-341-5840
mjrendonllc@gmail.com

**MEMORANDUM IN SUPPORT**

**I.      DEFENDANT'S BACKGROUND**

Defendant, Terry Gutshall is a 42-year-old male citizen of the United States. Like many other individuals who engage in this type of criminal conduct, Mr. Gutshall has suffered traumatic life experiences. He was raised in poverty and his father suffered from mental illness. His father was murdered in his home by being beaten and stabbed to death.

Mr. Gutshall has been employed by the same company for over 20 years and is otherwise a productive citizen. He has no prior arrests or convictions and fully admits that his conduct associated with viewing child pornography is inappropriate and the result of his mental illness. He has never sought help for this illness and admitted that he has thought about it but did not know who to turn to. He has no close friends and lives alone. He stated that he hopes to get some counseling help while incarcerated.

**II.     THE OFFENSE CONDUCT**

On March 11, 2019, Mr. Gutshall pled guilty, to a two-count indictment charging him with Receipt and Distribution of Visual Depictions of Real Minors Engaged in Sexually Explicit Conduct, in violation of Title 18 United States Code Section 2252(a)(2) and (b)(1). He also pled guilty to a charge of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2). These charges resulted from child pornographic images and videos found on his personal computer at his home. Mr. Gutshall has taken full responsibility for his conduct and pled guilty to the two counts in the indictment without the benefit of a plea agreement.

### III. OBJECTION TO PRESENTENCE INVESTIGATION REPORT GUIDELINE CALCULATION

Mr. Gutshall agrees with the Presentence Investigation Report with the exception of paragraph 25 which reflects a four-level increase pursuant to USSG §2G2.2(b)(4)(A) for "material that portrays sadistic or masochistic conduct." In order for material to portray "sadistic or masochistic" conduct, an image must portray physical pain to the child in the image, See generally, *U.S. v. Groenendal*, 551 F.3d 419 (6th Cir., 2009). The Sixth Circuit has held that "penetration of a prepubescent child by an adult male constitutes inherently sadistic conduct that justifies the application of § 2G2.2(b)(3). *Id.* at 557 F.3d 426. It is clear from *Groenendal* that the court is referring to penile penetration of a prepubescent child by an adult male because of the physical size of a male organ penetrating a small orifice of a prepubescent child would in fact, cause physical pain. Had the Court wanted to hold that oral penetration or any other type of sexual penetration constitutes "per se" sadistic conduct, it would have included adult females as well. That is not to say that other types of penetration of a prepubescent child cannot constitute sadistic or masochistic conduct, it is just not per se sadistic or masochistic conduct.

Mr. Gutshall does recognize that any images or videos constituting child pornography does reflect depravity and criminal conduct, and for that he has taken responsibility and will spend many years in prison. However, the images found on his computer do not fit the definition of sadistic or masochistic conduct, and therefore, the guideline calculation should not reflect a four-level increase pursuant to USSG § 2G2.2(b)(4)(A).

### IV. EVALUATION OF 18 U.S.C.A. §3553(a) FACTORS TO DETERMINE A REASONABLE SENTENCE.

In fashioning an appropriate sentence, the Court cannot presume that the Guideline range is reasonable, rather, the Court must also consider the factors enumerated in 18 USC 3553(a) to

determine if an adjustment is warranted. *United States v. Booker*, 543 U.S. 220, 245-46, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Section 3553(a) requires the Court to impose a sentence that is sufficient, but not greater than necessary and lists factors to be considered in imposing a sentence. Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds and range of sentence under the guidelines; (5) pertinent policy statements by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct", and (7) the need to provide restitution.

Since *Booker* and its progeny, the sentencing court may now consider even those mitigating factors that the advisory guidelines prohibit, e.g., poverty, racial discrimination and humiliation, drug abuse and addiction, dysfunctional family background, lack of guidance as a youth, etc. See: *United States v. Ranum*, 353 F. Supp.2d 984 (E.D. Wisc. 2005) ("the guidelines" prohibition of considering these factors cannot be squared with the Section 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the Defendant… thus, in cases in which a Defendant's history and characteristics are positive, consideration of all of the Section 3553(a)(1) factors might call for a sentence outside the guideline range").

### V. THE DEFENDANT'S SENTENCING REQUEST

Mr. Gutshall has done everything he can to take responsibility for the crimes he has committed, and to show genuine remorse. He willfully took responsibility for his conduct and timely agreed to plead guilty. Mr. Gutshall asks the Court to consider his traumatic experiences

as a youth and as an adult as described in the background section of this memorandum, which surely has resulted in some mental illness that could very well have influenced his decisions involving the viewing of child pornography. As well, he asks that the Court adjust the Guideline calculations by subtracting the four-level increase pursuant to USSG § 2G2.2(b)(4)(A).

## VI.     **CONCLUSION**

Mr. Gutshall respectfully requests that this Honorable Court consider all of the enumerated factors of 18 U.S.C. § 3553(a) and impose a sentence that is sufficient but not greater than necessary to achieve the statutory goals of sentencing.

Respectfully submitted,

/s/ Michael J. Rendon
Michael J. Rendon (0080565)
Attorney for Defendant
55 Public Square, Ste. 2100
Cleveland, Ohio 44113
216-341-5840
mjrendonllc@gmail.com

5

CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, a copy of the Defendant's Sentencing Memorandum was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

/s/Michael J. Rendon
Michael J. Rendon
Attorney for Defendant